ROSEMOND *v.* STATE.

Opinion delivered April 13, 1908.

HOMICIDE—MURDER—SUFFICIENCY OF EVIDENCE.—Where one strikes another with intent merely to inflict chastisement, and death results from some peculiarity in deceased's constitution or other unexpected incident, the result is manslaughter merely; but where death naturally ensues from the force or manner or instrumentality of the chastisement, and the chastisement is made regardless of its probable result in death, the jury is authorized to find deliberation and specific intent to take life, and consequently to convict of murder in the first degree.

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Searcy & Parks* and *Wm. L. Moose,* for appellant.

It is conceded that the evidence is sufficient to convict appellant of murder in the second degree, but it is not sufficient to sustain the conviction of murder in the first degree. 82 Ark. 97; 37 Ark. 239; 83 Ark. 268.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

Malice is shown, and a spirit of revenge harbored by appellant against deceased for sometime previous to the assault. That it was premeditated is shown by appellant's own testimony, and the club used was a deadly weapon. The evidence sustains the verdict.

HILL, C. J. Appellant's counsel thus states his case: "About six-thirty o'clock on the evening of March 2, 1907, Charles Lewis and two or three other negro companions were walking along the road or street leading from the commissary at Stamps, Arkansas. They were going home from their work

at the end of the day, and the way led over a bridge across a body of water known as the 'Pond.' Just before reaching the bridge, they overtook the defendant, Ike Rosemond, another negro, who was known to the others not as Rosemond but as 'Big Boy.' The defendant joined them, and they walked along in 'rotation,' as one of the witnesses states it. Before they overtook him, the defendant had picked up a stick about three feet long and about two by three inches. After they had gone about two hundred yards on the way across the pond, without warning the defendant stepped around in front of Charles Lewis, and knocked him down with the stick, and struck him the second time as he fell, and was about to strike him the third time when John Seawood spoke to him and said: 'Don't do that, Big Boy,' whereupon the defendant dropped the stick and went back towards town. Lewis's skull was fractured, and he died about eleven o'clock that night. The defendant was tried and convicted of murder in the first degree and sentenced to be hanged."

To this statement may be added these facts: The stick with which Lewis was killed was larger at one end than the other, having been trimmed at one end so that it was a handy weapon. Lewis weighed about 150 pounds, and Rosemond was a stout man. Lewis had caused Rosemond to be fined for having carried a pistol, and Rosemond bore a grudge against him therefor, and had threatened to get even with him for this act. A few minutes before the assault, Rosemond said he intended going away. Immediately after the assault, he fled the country. Rosemond testified that he was mad at Lewis for having caused him to be fined, and that he intended to give him a whipping, but did not intend to kill him. He says he struck him harder than he intended to, and that he was madder than he thought he was.

The sole object of this appeal is to seek to reduce the murder from the first to the second degree, and the question is, Does this evidence support the finding of murder in the first degree?

It is insisted that there is no contradiction of the testimony of the appellant that he only intended to give the deceased a whipping, and did not intend to take his life, and that, the specific intent to kill being absent, the evidence falls short of establishing first-degree murder.

A club used by a strong man in the way that this one was used might well be as deadly as a pistol or dirk, and so it proved in this instance. If the intent is merely to inflict chastisement, and death results from some peculiarity in deceased's constitution, or other unexpected incident, then the result is merely manslaughter. But where death naturally ensues from the force or manner or instrumentality of the chastisement, and the chastisement is made regardless of its probable result in death, the jury is authorized to find deliberation and specific intent to take life, and consequently convict of murder in the first degree. Wharton on Homicide, 3d Ed. § 87; *Green* v. *State,* 51 Ark. 189; *State* v. *Shaw,* 64 S. C. 566, s. c. 60 L. R. A. 801; *McWhirt's Case,* 3 Grat. 594, s. c. 46 Am. Dec. 196; *Com.* v. *Fox,* 73 Mass. 585.

An examination of these authorities satisfies the court that the evidence here was sufficient to justify the jury in finding murder in the first degree.

Judgment affirmed.